Ex parte
Corwin.

THE SAME, *ex rel.* WATERMAN, *against* THE SAME.

---

*Ex parte* CORWIN.

THE Court of Common Pleas of Onondaga made a rule quashing an appeal ; because the penalty of the appeal bond was only double the amount of the damages recovered before the justice ; but not in double the damages and costs.

An appeal bond must be in the penalty of double the damages and costs recovered before the justice, or it is void.

*J. R. Lawrence* moved for a mandamus commanding them to vacate the rule ; and proceed in the appeal.

*B. D. Noxon*, contra.

*Curia.* We have been pressed to reconsider the view which we incidentally took of this question in *ex parte Harrison*, (4 Cowen, 61 ;) and apply *The matter of Marsh*, (19 John. 171,) to the bond under the late act. And it was said at the bar, that the legislature could not have meant

ALBANY,
Feb. 1826.

The People
v.
Supervisors of
St. Lawrence.

that the costs should be considered in the penalty; because they have, in all cases, required them to be paid preliminarily to the appeal. But the penalty has no influence upon the sum to be recovered under the bond. The statute is, that the penalty of the bond must, in all cases, be in double the amount of the judgment. Now suppose a judgment for costs only, without damages? Unless the costs, although paid, are in such a case, to be reckoned in forming the penalty, the bond must be without one; and thus the intention of the legislature would be entirely defeated, as to a very numerous class of cases adverted to in *ex parte Harrison.* We see no reason whatever for reconsidering the rule laid down in that case; and the motion must be denied.

Motion denied.